## In re SULLIVAN.

### CITY OF ROCHESTER v. LAHN et al.

(Supreme Court, Appellate Division, Fourth Department. May 5, 1903.)

1. SURROGATE COURT—APPEAL BY PERSON OTHER THAN PARTY—NECESSITY OF INTERVENTION.
Under Code Civ. Proc. § 2569, which provides that a creditor of, or a person interested in, the estate or fund affected by a decree or order of the surrogate, who was not a party to the special proceeding, but was entitled by law to be heard therein on his application, may intervene and appeal, a person intending to take such an appeal need not first seek to intervene and become a party by means of a petition.

2. SAME—NECESSITY OF EXCEPTIONS TO FINDINGS.
Nor is it necessary for such person to file exceptions to the findings of the surrogate in order to take an appeal.

3. SAME—CREDITOR OR PERSON INTERESTED IN ESTATE.
A city to whom taxes were due by the administrator was "a creditor of or person interested in the estate," within the meaning of such section.

4. SAME—TAXES ACCRUING THROUGH DELAY OF ADMINISTRATOR—GROUND FOR REFUSING PAYMENT.
The fact that an administrator had been guilty of unwarrantable delay in the settlement of the estate, whereby unnecessary taxes had accumulated, was not ground for failing to provide for their payment in the decree settling his accounts and directing the distribution of the estate.

Appeal from Surrogate's Court, Monroe County.

Proceeding by Henry J. Sullivan against Anna Evans Lahn and others for a judicial settlement of his accounts as administrator of Rebecca D. Evans, deceased. From a decree settling such accounts

and directing the distribution of the estate, the city of Rochester appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN. SPRING, WILLIAMS, and HISCOCK, JJ.

William A. Sutherland, for appellant.
D. W. Forsyth, for respondent Lahn.
Selden S. Brown, for respondent Collins.

HISCOCK, J.   We think that the decree appealed from should be reversed in so far as it fails to pass upon, and, if valid, direct the payment of, certain taxes during the years 1897, 1898, 1900, 1901, and 1902, in the city of Rochester, assessed against the respondent Sullivan, as administrator of the estate of Rebecca D. Evans, in his hands. This proceeding was instituted for the purpose of having a final accounting by said Sullivan as administrator, and a distribution of the estate in his hands, and it was delayed from time to time, as claimed by the respondents, who appear upon this appeal by or on account of said administrator.   During the years above mentioned and the year 1899 taxes were assessed against said administrator in the city of Rochester on account of the estate in his possession, and, so far as appear, said taxes still remain unpaid.   Upon the accounting the surrogate directed the payment out of the estate of the taxes assessed for the year 1899, and refused to direct the payment of those assessed for the other years mentioned out of the estate, upon the ground, as we understand, that said estate had become subject to such assessments largely through the fault of the administrator in delaying administration, and that he personally ought to pay said taxes.   The city of Rochester was not a party to the proceeding, but it has instituted this appeal pursuant to the provisions of section 2569 of the Code of Civil Procedure, which provides that "a creditor of, or person interested in, the estate or fund affected by the decree or order (of the surrogate), who was not a party to the special proceeding, but was entitled by law to be heard therein, upon his application   *   *   *  may intervene and appeal as prescribed in this article."   Such party is required to show by affidavit the facts which entitle him to take such appeal.   Said affidavits were duly made, filed, and a copy thereof served, with the notice of appeal, as provided, and show, in substance, amongst other things, the facts already recited.

Various objections are urged in behalf of respondents to the right of appellant to take or succeed upon this appeal, some of which, at least, do not seem to require more than passing notice.   We think that the practice pursued by the appellant under the provisions of the Code referred to was regular and proper.   That section does not seem to contemplate or provide, as urged by respondents, that a person intending to take such an appeal should first seek to intervene and become a party by means of a petition.   In most cases, at least, a person authorized to take such an appeal might become by a petition and intervention a party to the proceedings resulting in the order or decree from which the appeal was taken, and in such case would become entitled to take an appeal without relying upon the sections

of the Code referred to. That section, however, seems clearly to establish the right to appeal by a person who has not thus become a party to the original proceeding.

Neither do we think that it was necessary for appellant to file exceptions to the findings of the surrogate in order to take its appeal. Section 994 and the other related sections of the Code governing the subject of exceptions necessary to be taken by a party intending to appeal quite manifestly are not appropriate to such an appeal as is now under consideration. While appellant, concurrently with the filing and service of his notice of appeal, might have taken exceptions under such sections, it would require, in our opinion, a forced construction to compel it so to do. There is no such necessity for such exceptions as may exist in the case of a party to a proceeding resulting in the appeal. There exceptions would be proper to fairly apprise the opposing party of the errors complained of, and upon which reliance was to be placed upon the appeal. In this case the affidavits which the appellant was required to make and serve with his notice of appeal clearly disclosed the alleged errors of which it complains, and fully notified respondents of the contentions which they must meet.

The appellant was "a creditor of or person interested in" the estate affected by the decree appealed from, and it would be proper for a surrogate's decree directing the final distribution of the estate to provide for the payment of valid taxes assessed against or on account of the property composing such estate. The taxes in question were, of course, as suggested by respondents, assessed against Sullivan as administrator, and their collection was enforceable against him. It does not, however, seem to be disputed upon this appeal that they were so assessed on account of the property which he had in his hands belonging to this estate, and that they were collectible out of such property in his possession. There are and were various provisions of law by which such taxes might have been collected without resort to provisions in the surrogate's decree for the distribution of the estate. But the property out of which said taxes might have been made is in the Surrogate's Court for final administration and distribution. It is a possibility, at least, that an administrator personally may not have property out of which such taxes might be collected, and that, if an estate is finally administered and distributed amongst scattered distributees, payment may be lost. It appears in this case that some of the persons entitled to take distributive shares in the estate live out of the state. The Surrogate's Court has under its control and in its constructive possession the property which is liable for the payment of these taxes, and we see no good reason why it should not, with advantage to all parties, provide for payment of such thereof as are legal and valid. The reason urged in the court below and upon this appeal by the respondents that the administrator has been guilty of unwarrantable delay in the settlement of this estate, whereby unnecessary taxes have accumulated, and that he should be charged with the same personally, rather than that the same should be paid out of the estate, does not apply as against appellant. It is entitled to collect its taxes, and out of the property of the estate in the possession of the administrator, if they are valid and properly enforceable. The same decree

which provides for their payment can also adjust in such proper way as may be necessary the equities and final responsibility for payment as between the estate and the administrator.

The decree of Surrogate's Court should be reversed, with costs to appellant to abide event, in so far as it omits to pass upon the taxes assessed for the years 1897, 1898, 1900, 1901, and 1902, and to direct payment thereof if valid and unpaid claims against the property in said estate, and the proceedings remitted to Surrogate's Court of Monroe county for a new hearing and such further proceedings as to said taxes and assessments as may be proper, including the question whether the same, if directed to be paid out of the property of said estate, should, as between it and the administrator, be personally charged against the latter. All concur.